UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

---------------------------------------------------------------

| | |
|---|---|
| VALERIE RUBINSTEIN,<br>individually and on behalf of<br>all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>DEPARTMENT STORES NATIONAL BANK,<br><br>Defendant. | No. 08 Civ. 1596(LTS)<br><br>AND<br><br>No. 08 Civ. 4843 (LTS)<br><br>**PRELIMINARY PRE-TRIAL<br>STATEMENT** |

---------------------------------------------------------------

Plaintiff Valerie Rubinstein ("Rubinstein") and defendant Department Stores National ("DSNB") respectfully submit this Joint Preliminary Pre-Trial Statement pursuant to the Court's Order dated February 26, 2008 (in No. 08 Civ. 1596) and June 5, 2008 (in No. 08 Civ. 4843):

## NATURE OF THE ACTIONS

In these actions, Rubinstein alleges claims under the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"), and Regulation Z, 12 C.F.R. § 226.1, et seq. ("Regulation Z"). Rubinstein alleges that DSNB violated TILA and Regulation Z by failing to make certain disclosures in monthly periodic billing statements provided to Rubinstein in connection with certain credit card accounts. Rubinstein brings her claims for herself and for putative classes.

DSNB denies Rubinstein's claims on the merits. DSNB further denies that the claims are suitable for treatment on a class-action basis.

## JURISDICTION

Rubinstein alleges that this Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1640(e). Rubinstein allegedly resides in New York, New York. DSNB does not contest this Court's jurisdiction.

## MATERIAL UNCONTESTED AND DISPUTED FACTS

The following material facts are not in dispute:

1.  Rubinstein opened a Bloomingdale's Insider account issued by DSNB.

2.  Exhibit A to the Complaint in Case No. 08 Civ. 1596 is a copy of a portion of a periodic statement for that account, with a closing date of February 18, 2007, that was made available to Rubinstein on an Internet website.

3.  Exhibit B to the Complaint in Case No. 08 Civ. 1596 is a copy of a portion of a periodic statement for that account, with a closing date of May 18, 2007, that was made available to Rubinstein on an Internet website.

4.  Rubinstein opened a Bloomingdale's Visa account issued by DSNB.

5.  Exhibit A to the Complaint in Case No. 08 Civ. 4843 is a copy of a portion of a periodic statement for that account, with a closing date of May 27, 2007, that was made available to Rubinstein on an Internet website.

6.  Exhibit B to the Complaint in Case No. 08 Civ. 4843 is a copy of a portion of a periodic statement for that account, with a closing date of June 21, 2007, that was made available to Rubinstein on an Internet website.

## UNCONTESTED LEGAL ISSUES

The parties are not able to agree that any legal issues are uncontested.

## FACTUAL AND LEGAL ISSUES TO BE DECIDED

The parties respectfully submit that the following are issues of fact and/or law that will need to be decided:

1.  Whether the Complaint states a claim upon which relief can be granted, based on the forms of account statements at issue.

2.  Whether the alleged classes may be certified as class actions under Federal Rule of Civil Procedure 23.

Plaintiff alleges that the following issues of fact and/or law will also need to be decided:

1.  DSNB's net worth for purposes of assessing liability for statutory damages

**Error! Unknown document property name.**

under TILA § 1640(a)(2)(B).

2.      Appropriate damages, attorneys' fees, and costs.

DSNB alleges that the following issues of fact and/or law will also need to be decided:

1.      Whether the claims are barred, in whole or in part, as to Rubinstein or any supposed class members, by the applicable statute of limitations, including, without limitation, 15 U.S.C. § 1640(e).

2.      Whether the Complaint is barred pursuant to 15 U.S.C. § 1640(c) because the alleged violations of TILA, if any, resulted from a bona fide error.

3.      Whether DSNB acted in good faith and in accordance with reasonable commercial standards pursuant to, without limitation, 15 U.S.C. §§ 1640(c) & (f).

4.      Whether the claims are barred, in whole or in part, by the conduct, actions and inactions of Rubinstein and/or any of the supposed class members under the doctrines of ratification and waiver.

5.      Whether some or all of Rubinstein's claims are barred due to the mailing of paper statements.

## LEGAL BASES FOR PLAINTIFF'S CLAIMS

Rubinstein alleges her claims under TILA and Regulation Z.

## LEGAL BASES FOR DEFENDANT'S DEFENSES

DSNB's affirmative defenses arise under TILA, including 15 U.S.C. §§ 1640(c), 1640(e) and 1640(f).

## PROOF

Rubinstein has the burden of establishing her claims by a preponderance of the evidence, and also bears the burden of establishing the requisite elements of certification pursuant to Miles v. Merrill Lynch & Co., Inc. (In re Initial Pub. Offerings Secs. Litig.), 471 F.3d 24 (2d Cir. 2006).  DSNB has the burden of establishing any affirmative defenses.

**Error! Unknown document property name.**

## AMENDMENTS OF PLEADINGS

The parties do not currently believe that the pleadings need to be amended, nor do they believe that any additional parties need be joined at this time.

## CONSENT TO PROCEED BEFORE MAGISTRATE JUDGE

The parties do not consent to proceed before a Magistrate Judge at this time.

## FED. R. CIV. P. 26(A)(1) DISCLOSURES

The parties do not anticipate that any changes to the form or requirements of the disclosures under Rule 26(a) are necessary.

## DISCOVERY

Plaintiff anticipates that discovery will be needed on the following topics:

1.    The facts applicable to the elements of certification under Federal Rule of Civil Procedure 23;

2.    DSNB's practices with respect to the preparation of the disputed account statements and, potentially, the standard in the industry with respect to such practices;

3.    The sending of those account statements to Rubinstein and other class members;

4.    Class size;

5.    DSNB's net worth;

6.    The frequency and persistence of failures of compliance by DSNB;

7.    The resources of DSNB;

8.    The number of persons adversely affected;

9.    The extent to which DSNB's failure of compliance was intentional.

10.   Procedures, if any, maintained by DSNB to avoid the violations of TILA alleged by Plaintiff.

DSNB anticipates that discovery will be needed on the following topics:

1.    The facts applicable to the elements of certification under Federal Rule of

**Error! Unknown document property name.**

Civil Procedure 23;

2.      DSNB's practices with respect to the preparation of the disputed account statements and, potentially, the standard in the industry with respect to such practices;

3.      The receipt and understanding of those account statements by Rubenstein and other supposed class members;

4.      The course of the relationship between Rubenstein and/or other supposed class members, on the one hand, and DSNB, on the other;

5.      While DSNB denies any liability whatsoever to Rubenstein or the alleged class, if the Court finds that the claims have merit, the amount of damages suffered, if any, by Rubenstein and the other supposed class members based on the account statements provided, particularly in those situations where a paper statement was also sent to Rubinstein and other members of the alleged class.

## CHANGES TO LIMITATIONS ON DISCOVERY

The parties do not anticipate that any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules are necessary.

## STATUS OF SETTLEMENT DISCUSSIONS

The parties have not engaged in any settlement discussions to date.

## TRIAL BY JURY

Rubinstein requests a trial by jury, and anticipates that the trial will last seven business days.  DSNB would elect to proceed with trial to the Court, and anticipates that trial will last seven business days.

/ /

/ /

/ /

/ /

**Error! Unknown document property name.**

## OTHER ORDERS

The parties propose the following dates for a scheduling order:

| | |
|---|---|
| Written Initial Disclosures (Fed. R. Civ. P. 26(a)) | August 29, 2008 |
| Close of Non-Expert Discovery | January 30, 2009 |
| Close of Expert Discovery | March 27, 2009 |
| Last Day to file Dispositive Motions | May 15, 2009 |
| Pretrial Conference | August 21, 2009 |
| Trial | December 4, 2009 |

## CONSOLIDATION WITH SIMILAR ACTIONS

DSNB submits that consolidation of the instant action with two other actions pending before the Court -- Rubinstein v. Department Stores National Bank, Case No. 1:08-cv-04843-LTS, filed on May 23, 2008 ("Rubinstein 2"); and Taub v. Department Stores National Bank, Case No. 1:08-cv-05053-SHS-GWG, filed on June 2, 2008 ("Taub") -- is appropriate.  The three actions involve allegations with respect to the form of account statements provided by DSNB, and claims arising under TILA and Regulation Z.  Also, as in this action, Rubinstein 2 and Taub are in early stages of development.  DSNB's response in Rubinstein 2 is due on July 2, 2008, and no response is yet due in Taub.

Plaintiff disagrees.  Plaintiff believes that Rubinstein 2 should be treated as a "related" case.  But this action and Rubinstein 2 should not be consolidated, because they involve separate card products ("private label" v. Visa) and different violations of TILA, and thus, separate classes.  Rubinstein asserts that each class is entitled to a potential statutory class action recovery up to $500,000.  Moreover, Taub also involves a separate class under yet another card product for use at a different department store chain than in Rubinstein, as well as another, different

/ /

/ /

**Error! Unknown document property name.**

violation of Regulation Z.  Plaintiff in <u>Taub</u> asserts that the <u>Taub</u> class is also entitled to a potential recovery of up to $500,000 in statutory damages.

Respectfully Submitted,

Dated:  June 24, 2008                STROOCK & STROOCK & LAVAN LLP


By:   */s/  Lisa M. Simonetti*
      Lisa M. Simonetti

      Attorneys for Defendants
      DEPARTMENT STORES NATIONAL
      BANK


Dated:  June 24, 2008                BROMBERG LAW CENTER
                                     BRIAN L. BROMBERG


By:   */s/  Brian L. Bromberg*
      Brian L. Bromberg

      Harley J. Schnall
      Law Office of Harley J. Schnall

      Attorneys for Plaintiff
      VALERIE RUBINSTEIN

**Error! Unknown document property name.**